■ In the Matter of the Claim of VIRGINIA PIERORAZIO, on Behalf of Herself and Minor Children, Respondent, against MILDRED PETTIGNANO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by non-insured employers from a Workmen's Compensation Board decision and award of death benefits. Decedent and his wife were employed as janitors of an apartment house, occupying an apartment rent free in lieu of other compensation. Decedent was also regularly employed in another employment. The apartment house premises on Elliott Avenue, Yonkers, adjoined No. 85 Elliott Avenue and the rear yards of the properties were separated by a fence. The rear yards of both the apartment house premises and No. 85 Elliott Avenue abutted the rear yard of No. 86 Hamilton Avenue and were separated therefrom by a wood fence five feet high. A clothes pole, described as four stories high, stood in the rear of No. 85 Elliott Avenue, close to the rear corner of the apartment house premises and near the rear line of No. 86 Hamilton Avenue. Decedent was found, seriously injured, in the rear yard of No. 86 Hamilton Avenue, his head seven to eight feet from the pole and his feet closer to it. The police found a small piece of wood freshly broken off the top of the fence which separated the apartment house property from the Hamilton Avenue premises. A police report states that when decedent was later asked, in the hospital, if someone had struck him or if he had fallen off the fence, "he answered in the negative to both". Decedent's sister testified that when she "asked him what happened", he answered, "the old lady asked me to fix the line". From this testimony as well as from the freshly broken piece of wood, the position of decedent's body and the history of his having previously fixed clothes lines, it has been inferred that decedent fell from the pole while fixing a line. His serious injuries, which included numerous fractures, strengthen the inference of a fall from the high pole rather than from the comparatively low fence or from some other nearby point. These and the other physical facts serve, also, to corroborate the sister's hearsay testimony. Appellants assert that the accident did not arise out of or in the course of decedent's employment. However, clothes lines extended from the pole to their apartment house as well as to the dwellings at 85 Elliott Avenue and 86 Hamilton Avenue. Those attached to appellants' building had been used for some years by certain of appellants' tenants, and on occasions in the past decedent had repaired these lines, as he had those of tenants in the other building. The failure to identify the "old lady" referred to by decedent, the circumstances of the hour and the weather and perhaps other proof militate against the board's finding but were in no way conclusive. Although decedent had other employment and although it is true that the appellants' premises were his home as well as a place of employment, it may reasonably be inferred from the nature of his duties and from the general instructions given him when he was first employed, that he was subject to the performance of his work during the time he was in or about the premises and away from his other job. The accident occurred at such a time. Further, the pole may properly be considered within the bounds of his employment. To the employers' knowledge, lines extended from it to their building and were used by their tenants and, to appellants' presumptive knowledge at least, and without objection from them, decedent had over a period of years gone upon the pole to repair their tenants' lines. The pole was thus, in effect, in the nature of an adjunct to their premises, and was used in common by the occupants of the three adjacent

buildings, with the apparent acquiescence of the owner of the land upon which it stood. Thus it was within the "time and space limits of the employment", so that the presumption provided by section 21 of the Workmen's Compensation Law became operative. (1 Larson on Workmen's Compensation Law, § 10.32.) The award would be sustainable even if the site of the pole were not deemed within the bounds of the employment, if decedent was "at the place of the accident for legitimate purposes of the employment". (*Matter of Norris* v. *New York Central R. R. Co.*, 246 N. Y. 307, 313.) Decision and award affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur. [See *post*, p. 690.]